IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
v. :
ERNESTO ESCOBAR, JOSEPH IVAN DIAS, DIMAS ALFARO-GRANADOS, EDWIN MENJIVAR, WILLIAM ESPINOZA, OMAR CUBILLOS, AND CHRISTOPHER CASTRO RAMIREZ :

CRIMINAL ACTION
NO. 1:1O-CR-86-RWS-ECS

**REPORT, RECOMMENDATION AND ORDER**

## I. Introduction

This matter is before the Court on motions to sever Defendants filed by Defendants Escobar [Doc. 356], Dias [Doc. 371], Alfaro-Granados [Doc. 271], Menjivar [Doc. 367], Espinoza [Doc. 364], Cubillos [Doc. 349], and Ramirez [Doc. 374]. With respect to the motions filed by Escobar [356] and Espinoza [364], these two motions raise issues solely under Bruton v. United States, 391 U.S. 123 (1968), which are not yet ripe. The motions of Dias [371], Menjiva [367], Cubillos [349], and Ramirez [374] seek severance under Rule 14 of the Federal Rules of Criminal Procedure based upon prejudicial joinder as well as raising the Bruton issues. Finally, Alfaro-Granados [Doc. 271] moves for severance on the grounds that trial with death penalty counts will deny him a speedy trial. For the

reasons stated herein, the motions are **DEFERRED** as to the potential Bruton issues, with **DIRECTION**, and IT IS **RECOMMENDED** that they be **DENIED** on all other grounds.

## II.
## Discussion

### A. Bruton Issues

Under Bruton v. United States, 391 U.S. 123, 126 (1968), severance may be required where the government seeks to introduce a non-testifying co-defendant's extrajudicial confession that directly incriminates the defendant, even when introduced only against the co-defendant. If the confession is introduced, and the co-defendant does not testify, the defendant's Sixth Amendment right to directly confront adverse witnesses against him may be infringed. Bruton, 391 U.S. at 126; United States v. Doherty, 233 F.3d 1275, 1281-82 (11th Cir. 2000). There is no Bruton violation, however, and severance is not required, if the defendant is not directly implicated by the out of court statements, United States v. Williamson, 339 F.3d 1295, 1303 (11th Cir. 2003); United States v. Brazel, 102 F.3d 1120, 1140 (11th Cir. 1997), or if the statement can be redacted to eliminate incrimination of the defendant, Richardson v. Marsh, 481 U.S. 200, 211 (1987); Williamson, 339 F.3d at 1303; United States v. Gonzalez, 183 F.3d 1315, 1321-22 (11th Cir. 1999); United States v. Tapia, 59 F.3d 1137, 1141 (11th Cir.



AO 72A
(Rev.8/82)

1995). Of course, if the co-defendant testifies and is subject to cross examination at trial, there is no Bruton violation and severance would not be required. Bruton, 391 U.S. at 126; United States v. Clemons, 32 F.3d 1504, 1510-11 (11th Cir. 1994).

Here, Defendants' motions relating to potential Bruton violations are not fully perfected in that there is no specific indication in the motions that there are in fact any inculpatory statements by co-defendants. Nevertheless, Bruton may require severance if the government intends to use any statements of non testifying co-defendants at trial directly inculpatory of Defendant. On the Bruton aspects of these motions, [Docs. 356, 364, 371, 367, 349, 374], therefore, the undersigned will **DEFER** to the trial judge, but with the **DIRECTION** that the government shall at least 45 days prior to trial either (1) acknowledge that no statements subject to Bruton will be introduced; or (2) concede severance is required; or (3) provide any statements intended to be admitted into evidence for review by the undersigned, with copies to the defense, with redactions if the government contends the statements are redactible in a manner that will allow their admission.

**B. Rule 14 Prejudicial Joinder**

The general rule is that "defendants who are indicted together are usually tried together." United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007); see United States v. Cassano, 132 F.3d 646,



AO 72A
(Rev.8/82)

651 (11th Cir. 1998); United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991), cert. denied, 502 U.S. 985 (1991); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). This rule is particularly applicable in conspiracy cases. United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009); United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); United States v. Beale, 921 F.2d 1412, 1428 (11th Cir. 1991).

However, Rule 14(a) of the Federal rules of Criminal Procedure allows for severance "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government . . . ." Fed.R.Crim.P. 14.[1] To justify severance, a defendant must carry the "heavy burden of demonstrating [that] compelling prejudice" would result from a joint trial. Browne, 505 F.3d at 1268 (quotation marks omitted); see also Cassano, 132 F.3d at 651; United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997); Zafiro, 506 U.S. at 539.

---

[1] Rule 14(a) reads as follows:

> (a) *Relief.* If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.



AO 72A
(Rev.8/82)

"A defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants." Cassano, 132 F.3d at 651; Schlei, 122 F.3d at 984 (quoting United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990)); United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995); Cross, 928 F.2d at 1040 n.21. In other words, the mere fact that there may be an enormous disparity in the evidence against him compared to the other defendants is not a sufficient basis for severance. United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011). "The possible prejudicial effects of such disparity can be sufficiently alleviated if the trial judge is careful to instruct the jury that it must consider the evidence against each defendant on a separate and independent basis." Smith, 918 F.2d at 1510.

Limiting instructions usually will cure any prejudice resulting from a joint trial, including the potential "spillover effect" of evidence of a co-defendant's guilt. United States v. Kennard, 472 F.3d 851, 859 (11th Cir. 2006); see also Zafiro, 506 U.S. at 539. Thus, under Rule 14, severances must be granted where there is a serious risk that a joint trial would either "compromise a specific trial right of one of the defendants" or "prevent the jury from making a reliable judgment about guilt or innocence," even where limiting instructions are given. United States v. Thompson, 422

F.3d 1285, 1292 (11th Cir. 2005) (quoting Zafiro, 506 U.S. at 539); Browne, 505 F.3d at 1269.

"Another example of a situation in which a severance might be warranted is where the sheer number of defendants and charges, the differing levels of culpability, and the massive amount of evidence make it nearly impossible for a jury to sort through the evidence and issues and reliably determine the guilt or innocence of each defendant on each charge." United States v. Lopez, No. 09-12802, 2011 WL 3570298, at *10 (11th Cir. Aug. 16, 2011). The bar for showing this kind of prejudice is very high – only in the rarest case can a defendant clear it, even in complex, multi-defendant cases. Id. (citing Hill, 643 F.3d at 819–20, 827–34 (11th Cir. 2011) (affirming the denial of severance in a mortgage fraud case where there were 12 defendants, a 187–count indictment involving more than 300 transactions, over 1,100 exhibits filling 8 filing cabinets, and more than 100 witnesses); United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982) (affirming the denial of a severance in a labor corruption case involving 12 defendants, a 70–count indictment, 130 witnesses, and a seven-month trial resulting in 22,000 pages of transcript); United States v. Hernandez, 921 F.2d 1569, 1580–81 (11th Cir. 1991) (collecting complex cases in which this Circuit has found no abuse of discretion in denying severance)).

In assessing the merits of a severance motion under Rule 14, the district court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy. Hill, 643 F.3d at 828; United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997); United States v. Eyster, 948 F.2d 1196, 1213-14 (11th Cir. 1991); see also Zafiro, 506 U.S. at 537.

In the motions to suppress of Dias, Menjivar, Cubillos, and Ramirez, the movants argue that they will suffer compelling prejudicial spillover. They argue generically and without specificity that "[i]t is extremely improbable that any juror would be able to separately appraise the evidence as to this defendant and render a fair and impartial verdict" as to the counts against them. [Docs. 371, 367, 349, 374]. These assertions are insufficient for the undersigned to recommend severance based on prejudicial spillover. As noted above, limiting instructions usually will cure any prejudice resulting from a joint trial, including the potential "spillover effect" of evidence of a co-defendant's guilt. See Kennard, 472 F.3d at 859; see also Zafiro, 506 U.S. at 539; Hill, 643 F.3d at 829-30.

**C. Alfaro-Granados**

Defendant Alfaros-Granados moved for severance from the two cases in which the government originally gave notice that it might seek the death penalty on the grounds that trial with the two death

penalty cases will delay his case and deny his right to a speedy trial. [Doc. 271]. Since this motion was filed the government has given notice that it is not seeking the death penalty as to any defendants in this case. [Doc. 481]. Accordingly, Defendant's motion for severance on this ground [Doc. 271] is **DENIED** as **MOOT**.

## III.
## Conclusion

Accordingly, the undersigned will **DEFER** the motions for severance [Docs. 356, 364, 371, 367, 349, 374] insofar as they raise potential Bruton issues, to the trial judge, but **IT IS ORDERED** that the government shall, at least 45 days prior to trial, either (1) acknowledge that no statements subject to Bruton will be introduced; or (2) concede that severance is required; or (3) provide any statements intended to be admitted into evidence for review by the undersigned, with copies to the defense, with redactions if the government contends the statements are redactible. The Defendant may then file a brief in response to the tender of the statement to the Court within seven days stating its postion on admissibility. Furthermore,

**IT IS RECOMMENDED** that the motions for severance [Docs. 371, 367, 349, and 374], insofar as they are otherwise based upon prejudicial joinder, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the motion for severance of Defendant Alfaro-Granados [Doc. 271] be **DENIED** as **MOOT**.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 26th day of August, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)