# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ESPINOZA, | : | MOTION TO VACATE |
| BOP ID 61712-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-203-RWS-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:10-CR-86-12-RWS-CMS |
| _____ | | _____ |
| REMBERTO ARGUETA, | : | MOTION TO VACATE |
| BOP ID 61756-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1776-RWS-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:10-CR-86-26-RWS-CMS |

## **FINAL REPORT AND RECOMMENDATION**

The matters listed in the caption are before the Court on *pro se* motions to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by federal inmates William Espinoza and Remberto Argueta. *See* [1416 (Espinoza's § 2255 motion)], [1422 (Argueta's § 2255 motion)] & [1431 (Argueta's supplemental filing)]. For the reasons that follow, I will recommend that Espinoza and Argueta's § 2255 motions be denied and that Certificates of Appealability also be denied.

## I. BACKGROUND

The relevant factual and procedural history is as follows:

Espinoza, Argueta, and 24 other defendants were indicted by a federal grand jury for their conduct associated with [the La Mara Salvatrucha gang ("MS-13")]. According to the indictment, MS-13 is one of the largest street gangs in the United States, with about 10,000 members. The indictment alleged that members of MS-13 have committed various criminal acts, including murder, robbery, illegal possession of firearms, and assault. In many instances, MS-13 members allegedly committed these acts in order to maintain or increase their position in the gang.

Along with their codefendants, Espinoza and Argueta were indicted in Count 1 for allegedly violating the conspiracy provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). Count 1 named Espinoza in three overt acts in furtherance of the conspiracy and Argueta in two. Some of these overt acts also served as the basis for specific crimes Espinoza and Argueta allegedly committed while in the gang.

Counts 22 through 25 applied to Espinoza. The indictment alleged that Espinoza used a gun in an attempted murder on July 20, 2008 and charged him with committing a violent crime in aid of racketeering activities ("VICAR"), in violation of 18 U.S.C. § 1959(a)(5) (Count 22), and using a firearm in relation to this crime of violence, in violation of 18 U.S.C. § 924(c) (Count 23). The indictment also charged Espinoza with aiding and abetting a VICAR murder on July 22, 2008, in violation of 18 U.S.C. § 1959(a)(1) (Count 24), and aiding and abetting the use of a firearm during this crime of violence, in violation of 18 U.S.C. § 924(c) (Count 25). Espinoza offered to plead guilty to Counts 1, 22, and 23[,] but not Counts 24 and 25. The government rejected this offer.

Counts 16 and 17 applied to Argueta. Count 16 alleged that on April 13, 2007, Argueta murdered a man, in violation of 18 U.S.C. § 1959(a)(1). Count 17 alleged that Argueta used a firearm in relation to this crime of violence, in violation of 18 U.S.C. § 924(c).

Before trial, both defendants filed motions to suppress. Espinoza moved to suppress a gun and ammunition found after a warrantless search of his bedroom. He argued, *inter alia*, that his roommate's consent to search their shared room was insufficient to authorize the search of his personal effects within that room. Argueta's motion to suppress challenged the admission of statements he made to Immigration and Customs Enforcement ("ICE") agents, asserting that the waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), was invalid. The magistrate judge considered evidence, described below . . . , and, after making factual findings, recommended denying both motions. The district court adopted the magistrate judge's recommendations over the defendants' objections.

Both defendants also objected to the admission of two types of evidence. First, they objected to evidence of uncharged gang activity (the "RICO enterprise evidence"), which the government offered to support the RICO conspiracy claim. They argued that their offer to stipulate that the gang was an enterprise for purposes of the RICO conspiracy claim rendered this evidence inadmissible. Second, invoking *Bruton v. United States*, 391 U.S. 123 (1968), the defendants objected to the admission of evidence that their codefendants confessed to certain crimes when those codefendants would not also testify at trial, arguing that the confessions violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. The district court overruled these objections.

After a lengthy joint trial, the jury convicted Espinoza of one count of RICO conspiracy, one count of VICAR attempted murder, and one count of use of a firearm in relation to the

3

> crime of violence (Counts 1, 22, and 23, respectively). Espinoza was acquitted of the charges in Counts 24 and 25. At sentencing, Espinoza requested a two-level reduction in his total offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 in the light of his pretrial offer to plead to the charges of which he was [convicted]. The district court denied this request and concluded that the applicable Sentencing Guidelines range was 188 to 235 months. The district court did, however, consider Espinoza's acceptance of responsibility when it addressed the factors set forth in 18 U.S.C. § 3553(a). The court explained that, because it did not apply the acceptance of responsibility reduction, it would sentence Espinoza at the low end of the guidelines range. With an additional 60 months tacked on as the statutory minimum for Count 23, the district court sentenced Espinoza to 248 months' imprisonment and five years of supervised release.
>
> The jury convicted Argueta on all three charged counts: one count of RICO conspiracy (Count 1), one count of VICAR murder (Count 16), and one count of use of a firearm in relation to a crime of violence (Count 17). For Counts 1 and 16, the district court sentenced Argueta to concurrent terms of life imprisonment, and for Count 17, the court sentenced him to an additional five years' imprisonment to run consecutively. Argueta also was sentenced to five years of supervised release.

*United States v. Espinoza*, 635 F. App'x 739, 741-43 (11th Cir. 2015) (footnotes omitted). Espinoza and Argueta appealed: "(1) the denial of their motions to suppress evidence; (2) the admission of the RICO enterprise evidence and their codefendant's confession; and (3) their sentences." *Id.* at 744-45. Finding no error, the United States Court of Appeals for the Eleventh Circuit affirmed. *Id.* at 745.

4

## II. DISCUSSION

Espinoza and Argueta have now each filed motions to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255. *See* [1416], [1422] & [1431]. Espinoza asserts two grounds for relief and Argueta raises four grounds for relief, all of which I have construed liberally because the movants are proceeding *pro se*. *See, e.g.*, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### A. Applicable Legal Standards

As a threshold matter, a federal inmate is entitled to relief under § 2255 only on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Furthermore, "[c]ourts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Thus, a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d

1340, 1343 (11th Cir. 2000). And "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id.*

Both Espinoza and Argueta argue that they received ineffective assistance from their respective trial counsel. The standard of review for these claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. Under *Strickland*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In short, Espinoza and Argueta must allege facts demonstrating that their counsel acted incompetently and that this incompetence deprived them of a trial whose result is reliable. And, "it is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

### B. <u>Espinoza</u>

#### 1. <u>Ineffective Assistance of Counsel – "Open Plea"</u>

Espinoza first argues that his trial counsel provided ineffective assistance because he did not advise Espinoza that he could enter an "'open plea' instead of proceeding to trial." [1416-1] at 2. By this, Espinoza appears to mean that his lawyer failed to advise him that he could have entered a non-negotiated plea of guilty after he and the government failed to reach agreement on the terms of a negotiated plea of guilty.

Accepting for the sake of discussion that Espinoza's counsel never discussed with him his option to enter a non-negotiated guilty plea, Espinoza appears to misunderstand what this course of action would have required and where this course of action might have taken him. Espinoza's misconceptions, individually and together, fatally undercut any argument that his lawyer provided ineffective assistance.

I am aware that Espinoza offered before trial to plead guilty to Counts 1, 22, and 23. *See Espinoza*, 635 F. App'x at 741. But Espinoza's § 2255 motion does not repeat this offer. Rather, Espinoza now says only that he "would have confessed to the RICO Conspiracy under § 1962(d)," *i.e.*, only to Count 1. [1416-1] at 2. Espinoza does not mention Count 22 at all in his

7

§ 2255 motion, and he now insists that he is "actually innocent of the § 924(c) conviction," *i.e.*, Count 23.  *Id.*  Thus, Espinoza seems not to understand that in order to accept a non-negotiated guilty plea, this Court "must determine that there is a factual basis for the plea," Fed. R. Crim P. 11(b)(3), and that this necessarily requires a proffer of facts at the change of plea hearing establishing every element of the crime(s) to which he proposed to plead guilty.  It is not at all clear from Espinoza's § 2255 motion, which now denies that he is guilty of any of the overt acts charged in the indictment as RICO predicates, that he could have made such a proffer and had his partial non-negotiated plea accepted by this Court.

Furthermore, Espinoza is also apparently under the mistaken impression that had he entered a non-negotiated plea to just one of the five counts against him, this would have resolved the case and brought an immediate end to the proceedings.  *Id.*  Espinoza states:

> [If my attorney] would have informed me of the option to make an "Open plea" without cooperation of the government and still be eligible for the 3 point reduction for acceptance of responsibility, I would have made an "Open plea" instead of going to trial. . . .  I would have accepted my responsibility before the Court.  The Court would have accepted my truthful confession and plea.

*Id.*

8

Indeed, in calculating what he believes to be the "correct" sentence, Espinoza assumes that he would have been convicted and sentenced only on Count 1. *See id.* at 2-3.

In reality, however, even if Espinoza's guilty plea to Count 1 had been accepted by this Court, he would still have been subject to trial on the remaining counts. And there is no reason to believe that the government would not have convinced a jury to convict Espinoza on Counts 22 and 23, just as it did at his trial.

As the Eleventh Circuit explained to Espinoza in deciding his direct appeal, acceptance of responsibility is generally "not intended to apply to a defendant who puts the government to the burden of proof at trial by denying the essential factual elements of guilt." *Espinoza*, 635 F. App'x at 752 (internal quotation marks and citation omitted). Thus, this Court would still have "had sufficient foundation to reject Espinoza's request for a reduction in his base offense level" for acceptance of responsibility, even if he had entered a non-negotiated plea to Count 1, because he would still have "ultimately contested" the factual basis of the case against him. *Id.*[1]

---

[1] This was true in the case as it actually unfolded where the government rejected Espinoza's offer to plead guilty to three of five counts, and he was ultimately convicted on those three counts. And it would

It is thus clear that Espinoza was not prejudiced by his lawyer's alleged failure to suggest that he enter a non-negotiated plea to Count 1, and he is not entitled to relief under § 2255 on this ground.

### 2. Ineffective Assistance of Counsel – Section 924(c)

Espinoza also argues that his trial counsel failed to advise him "that two guns were required to be proven by the government against me," and he states "I feel I am actually innocent of use and carrying of a firearm in relation to a crime of violence because other than the RICO conspiracy no other firearm existed." [1461-1] at 2. This ground for relief appears to be based on Espinoza's mistaken belief that the government needed to prove that he possessed multiple firearms to be convicted of Counts 1, 22, and 23. *Id.* ("at no time before trial [did my attorney] tell me that § 924(c)(1)(A) required a separate firearm from the RICO offense § 1962(d) to exist before I could be convicted or sentenced consecutively for use or carrying of a firearm during and in relation to a crime of violence").

---

remain true in a hypothetical case where Espinoza entered a non-negotiated guilty plea to one count, but proceeded to trial on the remaining four counts and was convicted on two of them.

Espinoza, however, has cited no authority for this argument, and I can find none. Indeed, this argument makes little sense as a matter of logic, because a single firearm can be used in the commission of multiple crimes.

Espinoza's counsel did not render ineffective assistance when he did not argue that "two guns" were required to support Espinoza's convictions on Counts 1, 22, and 23 because this argument is meritless. *See Bolender*, 16 F.3d at 1573 ("it is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance"). Accordingly, Espinoza is not entitled to relief under § 2255 on this ground.

### C. Argueta

#### 1. Ineffective Assistance of Counsel – Life Sentence

Argueta argues first that his counsel provided ineffective assistance by failing to argue that this Court lacked the authority to impose a sentence of life imprisonment, absent a jury recommendation. [1422] at 4 & 13-14. In support of this argument, Argueta cites 18 U.S.C. § 34 and *United States v. Prevatte*, 16 F.3d 767, 782-82 (7th Cir. 1994).

This argument is without merit because 18 U.S.C. § 34 was amended by the Violent Crime Control and Law Enforcement Act of 1994 to remove language requiring that a jury recommend as part of its verdict either life

11

imprisonment or the death penalty in cases that resulted in the death of any victim. *See* Pub. L. 103-322, 108 Stat. 1968 (Sept. 13, 1994). Consequently, the statutory language relied upon by Argueta and applied by the circuit court in *Prevatte* is no longer part of the United States Code, and Argueta's counsel did not render ineffective assistance by failing to make this argument. *See Bolender*, 16 F.3d at 1573 ("it is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance"). Accordingly, Argueta is not entitled to relief under § 2255 on this ground.

### 2. Sufficiency of the Evidence

Argueta argues next that the evidence was insufficient to convict him. *See* [1422] at 5 & 14-18. Because he could have raised this argument on direct review, but did not, it is procedurally defaulted now. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). And Argueta has advanced no argument that any exception to the procedural default rule is applicable here. *See id.* at 1234-35. Accordingly, Argueta is not entitled to relief under § 2255 on this ground.

### 3. Sentencing Issues

Argueta also advances stand-alone claims that this Court erred in imposing a life sentence, again relying on 18 U.S.C. § 34 and *Prevatte* and asserting that this violated his Fifth, Sixth, and Eighth Amendment rights. *See* [1422] at 6, 8 & 18-19. These stand-alone claims are both procedurally defaulted, because he did not raise them on direct appeal, and meritless, for the reasons already discussed above regarding the amendment of 18 U.S.C. § 34. Accordingly, Argueta is not entitled to relief under § 2255 on this basis.

### 4. *Johnson v. United States* Issues

In a supplement to his § 2255 motion that he signed and "filed" on July 5, 2016, *see* [1431] at 3, Argueta argues that his conviction under 18 U.S.C. § 924(c) should be set aside pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because *Johnson* was decided on June 26, 2015, and Argueta waited more than one year to raise this argument, it is untimely. *See* 28 U.S.C. § 2255(f)(3) (one-year limitation period); *see also Brandau v. Warden, FCC Coleman-Medium*, 476 F. App'x 367, 369 (11th Cir. 2012) ("Although we liberally construe *pro se* filings, we nonetheless require that they comply with procedural rules, including filing deadlines."). And even

13

if Argueta's *Johnson* argument was not untimely, it is meritless. *See generally Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017) (concluding that *Johnson* did not invalidate § 924(c)). Accordingly, Argueta is not entitled to relief under § 2255 on this ground.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND** that Espinoza and Argueta's § 2255 motions be **DENIED**.

And I further **RECOMMEND** that Espinoza and Argueta be **DENIED** Certificates of Appealability because neither meets the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

No evidentiary hearing is required because "the motion[s] and the files and the records of the case[s] conclusively show that the prisoner[s] [are] entitled to no relief . . . ." 28 U.S.C. § 2255(b). *See also Holmes v.*

*United States*, 826 F.3d 1545, 1553 (11th Cir. 1989) ("this rule does not require that the district court hold an evidentiary hearing every time a § 2255 petitioner simply asserts a claim of ineffective assistance of counsel").

Finally, I **DENY** (1) the government's "Motion to Dismiss" Argueta's supplemental filing, *see* [1436], and (2) Argueta's "Summary Judgement [sic]" motion, *see* [1439], because all issues raised therein are resolved or mooted by the recommendations I have made above, including regarding the disposition of the additional ground for relief under *Johnson* raised by Argueta in his supplemental filing.

I **DIRECT** the Clerk to terminate the referral of these cases to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED,** this 5th day of April, 2018.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE